

U.S. Department of Justice

United States Attorney
Eastern District of New York

JD:DJL/TAW
F. #2018R01902

271 Cadman Plaza East
Brooklyn, New York 11201

February 8, 2019

By ECF

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Greg Cantoni
             Criminal Docket No. 18-562(ENV)

Dear Judge Vitaliano:

      The government respectfully writes in response to the defendant Greg Cantoni's motion to compel the government to provide additional discovery and pursuant to the Court's February 7, 2019 Order. The defendant now requests that the Court compel: (1) disclosure regarding any expert testimony the government plans to introduce; (2) unredacted copies of the NYPD Latent Print Section (LPS) examiner case files and (3) detailed information about the proficiency testing of LPS examiners, contemporaneous bench notes of the examinations conducted in this case, the candidate match list, documentation regarding they NYPD LPS's error rates, and any certifications of accreditation in print analysis held by the NYPD LPS. As described more fully below, the government will promptly notify the defendant of the experts it expects to rely upon; has already provided the requested unredacted copy of the Latent Print Section file; and objects to the request for proficiency testing, error rates and candidate lists which are overbroad, irrelevant and misleading to a jury.

      Since the inception of this case, the government and defense counsel have conferred weekly by telephone to discuss and resolve any discovery matters. To that end, as the Court is aware, just a week ago, the parties appeared for a status conference. At that conference, the government provided the Court with a status update in the matter and noted that it was not aware of any outstanding discovery issues between the parties. The defendant did not disagree. In fact, the defendant did not raise any of these discovery requests with the

Court or the government, which it now raises only a week later and demands that the government produce the materials by today.[1]

With respect to the defendant's first request, the government will promptly notify the defendant of the experts it intends to rely upon. The NYPD Latent Print Section is currently moving offices and February 7, 2019 was the first day that many of the NYPD examiners were back in the office. The government is actively confirming which experts it intends to rely upon. The government also notes that at the January 18, 2019 conference, the government asked the defendant to deem his Daubert motion made that date, in order to give the parties more time to gather information. The defendant declined to deem his motion made that date. Again, at the January 31, 2019 status conference, the defendant objected to the Court's determination to the Daubert motion being deemed as made that day. The Court overruled that objection. Now the defendant complains that he is not receiving information within the two-day timeframe he demands.

Second, the defendant requests an unredacted copy of the NYPD Latent Print Section file that provides the names of the fingerprint examiners. The government provided the defendant an unredacted copy on February 6, 2019, prior to the filing of the defendant's motion to compel. The government also notified the defendant on February 5, 2019 that it would provide an unredacted copy of the file that discloses the names of the examiners. The government made clear that the names of the investigating law enforcement officers who took no part in the finger print examination would remain redacted, along with the examiners' identifying tax identification numbers. Defense counsel offered no objection. Indeed, the unredacted copy provided to defense counsel is nearly identical to the examples the defendant has attached as exhibits to his letter. (See Ex. A, Cantoni Latent Print Section File.) The defendant's request is accordingly moot.

Finally, in his motion to compel, for the first time, the defendant requests proficiency testing of the Latent Print examiners, contemporaneous bench notes of the examinations conducted in this case, the candidate match list, documentation regarding they NYPD Latent Print Section's error rates, and any certifications of accreditation in print analysis held by the NYPD Latent Print section. The defendant has not offered any controlling authority as to why the examiners' proficiency testing, candidate list, or error rates are probative to Mr. Cantoni's innocence or guilt. Nor has the defense given any temporal limitation on the time period for which it is now seeking this information. For example, an examiner's proficiency testing completed ten years ago is irrelevant to the analysis the examiners conducted that identified Mr. Cantoni in September 2018. Indeed, the information can only serve to confuse a jury. The same applies as to the NYPD Latent Print Section's error rates. Error rates from 2010, for example, are irrelevant to what examiners'

---

[1] The defendant's only discovery request has been for the unredacted Latent Print Section file, which the government notified defense counsel it would provide once a schedule was set for the Daubert motion and which the government did provide prior to the filing of the defendant's motion to compel.

Case 1:18-cr-00562-ENV   Document 17   Filed 02/08/19   Page 3 of 3 PageID #: 119

at the NYPD Latent Print Section did in 2018. Additionally, the defendant provides no description or explanation of what it seeks when it requests "error rates." The concept of "error" can refer to several types of information that could include false positives, false negatives and/or clerical or administrative errors. The defendant's request is overbroad in addition to being irrelevant and confusing to a jury.

As to the request for the "candidate match list," the defendant offers little in the way of explanation of its probative value, especially when it has such high propensity to mislead a jury. That is why Chief Judge Irizarry in United States v. Lundi, denied the defendant's request for the candidate match list. No. 17-CR-388 (DLI), 2018 WL3369665, at *4 (E.D.N.Y. July 10, 2018) ("Defendant has not adequately explained [the candidate match list's] probative value as compared with the prejudicial effect it might have in confusing a jury. Defendant has not alleged, for example, that one of the names on the candidate list is actually the source of the latent prints, nor had defendant noticed an expert who might make such a conclusion.").

With respect to contemporaneous bench notes, the full electronic file from the Latent Print Section has been provided to defense counsel. The NYPD Legal Department has reviewed and confirmed that no contemporaneous bench notes of the examination exist in this case. The Latent Prints Section is not currently accredited, however, it is currently in the process of obtaining accreditation from the ANSI-ASQ National Accreditation Board, also known as "ANAB."

In summary, the government will promptly disclose the experts it intends to rely upon at trial and/or a hearing now that the Latent Print Examiners have returned to the office. Additionally, the defendant's request for proficiency testing and error rates are overbroad, irrelevant and can only serve to confuse and mislead a jury and the Court should deny the defendant's motion to compel the production of those materials.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
David J. Lizmi
Temidayo Aganga-Williams
Assistant U.S. Attorney
(718) 254-7010