

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD:DJL/TAW
F. #2018R01902

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2019

<u>By ECF</u>

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Greg Cantoni
     <u>Criminal Docket No. 18-562 (ENV)</u>

Dear Judge Vitaliano:

  The government respectfully writes in response to the defendant Greg Cantoni's "[l]etter requesting candidate list as <u>Brady</u> material" and pursuant to the Court's March 4, 2019 Order.  The defendant again requests that the Court compel the production of the "candidate list" as <u>Brady</u> material arguing that the government's response to the defendant's motion to exclude fingerprint evidence and motion in <u>limine</u> raised new facts that the defense was previously unaware of.  That is not the case.  The Court should deny the defendant's request for two reasons.  First, the defendant has been aware of the database used in the latent fingerprint analysis process since the inception of this case.  The defendant has raised nothing to disrupt this Court's prior decision denying the production of the candidate list (Dkt. No. 20), nor the Court's reliance on <u>United States v. Lundi</u>, 17-CR-388, 2018 WL 3369665 (July 10, 2018 E.D.N.Y.).  Second, the defendant's request for the candidate list is moot because the New York City Police Department ("NYPD") Latent Print Section does not maintain the candidate list with the fingerprint examination files.

  First, the defendant is, in essence, arguing for a reconsideration of the Court's ruling rejecting his motion to compel the production of the "candidate list."  (Def. Ltr at 2). The Court correctly ruled, consistent with <u>United States v. Lundi</u>, in rejecting that request. (Dkt. No. 20 at 2 ("Defendant's motion to compel disclosure of the candidate match list used in LPS testing is denied.  As in the recent matter of <u>United States v. Lundi</u>, No. 17-CR-388 (DLI), 2018 WL 3369665, at *4 (E.D.N.Y. July 10, 2018), defendant has not alleged that the fingerprints recovered and examined by NYPD belonged to another candidate on the list. Therefore, the list is immaterial.")).  Nothing the defendant now argues changes that

determination. The defendant's argument, at bottom, is that 'new facts' contained in the government's response to the defendant's motion to exclude (Dkt. No. 29 at 2) and motion in limine warrant reconsideration because the government disclosed that "the 'palm print recovered [from the bank] was searched in the standard law enforcement database . . . which provided a list of potential candidates" and the "defendant appeared on the computer generated candidate list." (Def. Ltr. at 1).

But defense counsel has been aware of the fact that the palm print recovered from the Staten Island bank robbery demand note was entered into the law enforcement databased "ABIS" since January 10, 2019 when the government first produced a redacted Latent Print file that included a form called "ABIS Search Record." (See Dkt. No. 14). Indeed, in the defendant's own motion to exclude, defense counsel disclosed that they knew this fact prior to either the government's response to the defendant's motion to exclude or its motion in limine. In the affidavit of the defendant's proposed experd, Dr. Simone Cole, he identifies this very fact: that the database provided a candidate list which included the defendant. (See Dkt. No. 24, Ex B. at 22). Dr. Cole wrote back on February 15, 2019, that the defendant "was identified as a candidate donor of the latent prints through a database search of AFIS."[1] (See Dkt. No. 24, Ex. B). Dr. Cole goes on to state his understanding of the candidate list process, including that "the latent print examiner hopes that the database will yield the true source as a candidate" which "is probably usually the case" before stating that "sometimes the correct match . . . may not even appear on the candidate list at all." Id. at 22. Accordingly, nothing has changed since the Court's decision denying the defendant's request for the candidate list.

Second, the defendant argues that the Court's previous decision, denying his motion to compel the production of the candidate list, should be reconsidered because previously the government argued that the list was immaterial and inadmissible at trial. (Def. Ltr. at 4). The defendant goes on to argue that he is now, "not currently seeking to introduce the candidate match list at trial," rather the defendant wants to use the list to "investigate and determine if anyone else on that list was a better match to the unknown print than Mr. Cantoni." (Id.) However, the same defense counsel made this argument in Lundi, which was rejected by the court. Indeed, just as here, in Lundi, defense counsel argued nearly identically:

> "With respect to the candidate list, the [Lundi] decision initially stated that the defense had not 'explained adequately its probative value as compared with the prejudicial effect it might have in confusing a jury' as the defense had not alleged that 'one of the names on the candidate list is actually the source of the latent prints, nor has the defendant noticed an expert who might make such a conclusion . . . .' [H]owever, the defense is not currently

---

[1] As the government noted in its opposition to the defendant's motion to exclude, the palm print was actually run through the ABIS database, not the AFIS database. (See Dkt. No. 29 at 36).

2

> requesting to introduce the candidate list at trial. Instead, the defense has been requesting the candidate list in order to have an independent expert investigate whether the other candidates might be a source of the latent print . . . [t]he list should have been preserved and provided to the defense as Brady[.]

United States v. Lundi, No. 17-CR-388 (DLI), Dkt. No. 31 at 4. The court in Lundi, addressing the same request, affirmed its initial ruling denying production of the candidate list:

> With respect to the candidate list, the Government again has said that that is not available. It cannot be recreated. I have already ruled on that. I am not going to rule on that again. This is in essence a motion for reconsideration of the Court's ruling. Again, that does not necessarily mean that you cannot cross-examine them on the fact that that was not saved.

United States v. Lundi, No. 17-CR-388 (DLI), Ex. A, Status Conf. Tr. at 8:2-8:11.

So too here. Here, the government has complied with its Brady obligations. As in Lundi, pursuant to the protocol of the NYPD Latent Print Section, the candidate list which was contemporaneously generated during the initial examination of the latent print in this investigation was not retained with the case file and is not available. The government has also confirmed with the NYPD Latent Print Section that an effort to generate a new candidate list would not necessarily replicate the candidate list that was created months ago at the time the examination was conducted because the database system is frequently updating its data. Accordingly, the defendant's request is moot.

Additionally, to the extent the defendant argues that a new candidate list should be generated, this argument was rejected in Lundi as noted above.[2] As the Court is aware, to date, the defendant has not noticed an expert who would be qualified to perform

---

[2] Additionally, to the extent the defendant argues that in United States v. Pitts, 16-CR-550 (DLI), the candidate list was retained, those circumstances were unique. In Pitts, the Latent Print examiners conducted two examinations: an initial examination then a re-testing performed after one of the initial examiners became unavailable to testify. There, the decision was made to start the entire process over again with a new examiner conducting an initial review. See United States v. Pitts, 16-CR-550 (DLI), Dkt. No. 32 at 1-2. This re-testing process led to the preservation of the second candidate list which, as discussed above, was not necessarily the same candidate list as during the initial examination. Notably, the court denied a motion by the defendant of the actual fingerprint cards associated with the identified candidates in Pitts. 16-CR-550 (DLI), Tr. of May, 11 2018 Conf. at 9-11. And, critically, in Lundi, the defendant attempted to argue that because of Pitts, the candidate list should be recreated, which the court rejected: "The Pitts situation, as the government correctly notes, was different because the original examiner became unavailable . . . it is a different situation." Ex. A, Sept. 9, 2018 Conf. at 8:8-8:17.

3

such an analysis. That is noteworthy because the defendant has not noticed an expert who has examined the side-by-side prints of the defendant underlying the identification in this case,[3] nor indicated any disagreement with the conclusion (or even any reason to doubt the conclusion based on a comparison of the actual prints).

      Under these circumstances, the utility of forcing the Latent Print Section to create evidence that may not be the actual candidate list used in September 2018 to investigate these bank robberies, is unclear. Accordingly, the government submits that there is no basis for the defendant's request and the Court should not order the production of a new candidate list.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
David J. Lizmi
Temidayo Aganga-Williams
Assistant U.S. Attorneys
(718) 254-7010

cc: Clerk of the Court (ENV), via ECF
    Leticia Olivera, Esq., via ECF

---

[3] Upon request of defense counsel, the government produced high resolution photographs of the fingerprints on or about January 30, 2019.