UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA          :
                                  :
            -against-             :     ORDER
                                  :
GREG CANTONI,                     :     18-cr-562 (ENV)
                                  :
                       Defendant. :
------------------------------------------------------------- x

VITALIANO, D.J.

Defendant Greg Cantoni has moved to compel the government to disclose further information regarding the latent fingerprint examination conducted as part of this prosecution. (Letter, ECF No. 30). Specifically, he requests the list of candidate matches generated by the New York City Police Department ("NYPD") Latent Print Section's electronic database. (*Id.*). Cantoni argues that this material is exculpatory evidence that the government must disclose, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). (Letter at 2). This request is substantially similar to an earlier request that was denied on February 11, 2019. (*See* Order, ECF No. 20). The only difference appears to be that Cantoni now invokes *Brady*.[1] For the reasons that follow, the motion is denied.

The government has represented that, "pursuant to the protocol of the NYPD Latent Print

---

[1] Defendant also argues that he may renew his motion because of the government's statement, in its motion *in limine*, that the "palm print recovered [from the bank] was searched in the standard law enforcement database, Automated Biometric Identification System ('ABIS'), which provided a list of potential candidates. The defendant appeared on the computer generated candidate list." (Letter at 1 (quoting First Mot. *in Limine* at 2, ECF No. 27)). However, as the government accurately describes in its opposition, defense counsel has long been aware of this information. (*See* Opp'n at 2). Therefore, it does not provide a basis for reconsideration of the Court's earlier order.

1

Section, the candidate list which was contemporaneously generated during the initial examination of the latent print in this investigation was not retained with the case file and is not available." (Opp'n at 3, ECF No. 33).[2] Clearly, the Court cannot order the government to disclose a document that does not exist. Consequently, the motion must be denied.

Foreseeing a further dispute, the government argues that it should not be ordered to produce a new list of candidate fingerprint matches. It represents that it has "confirmed with the NYPD Latent Print Section that an effort to generate a new candidate list would not necessarily replicate the candidate list that was created months ago at the time the examination was conducted because the database system is frequently updating its data." (*Id.*). As a result, a newly generated list would be immaterial and would produce only evidence likely to confuse a jury.[3] Even if defendant could distinguish this case from *United States v. Lundi*, No. 17-cr-388 (DLI), 2018 WL 3369665, at *4 (E.D.N.Y. July 10, 2018), by noticing an expert who could compare the subject print to the list of candidates generated by a new database search, any comparison would not serve to impeach the earlier examiner's work absent speculation that the newly generated list was identical to the earlier list.

Moreover, the speculative possibility that the print recovered from the crime scene might

---

[2] No constitutional issue is presented by NYPD's failure to preserve this list because, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law," *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988). Cantoni has made no showing of bad faith on the part of NYPD or the U.S. Attorney.

[3] Defense counsel represents that defendant is "not currently seeking to introduce the candidate match list at trial." (Letter at 4). However, any evidence discovered based on a newly generated candidate match list would be probative only if coupled with speculation that the list was at least partially identical to the previously generated list. This speculation would be impermissible, and, consequently, any evidence gleaned from a newly generated list would be likely to mislead a jury.

2

match the prints of a person who appeared on a newly generated candidate list does not require the government to generate such a list. The government is not required to generate evidence on the chance that some of it may turn out to be exculpatory and subject to the requirements of *Brady*. *Cf. Kyles v. Whitley*, 514 U.S. 419, 436-37, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) ("[T]he Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense. We have never held that the Constitution demands an open file policy . . . ." (citing *United States v. Bagley*, 473 U.S. 667, 675 & n.7, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985))); *United States v. Rodriguez*, 496 F.3d 221, 224-25 (2d Cir. 2007) (holding that the government need not take notes of witness interviews merely to memorialize any potentially inconsistent statements that could be used for impeachment purposes); *United States v. Amiel*, 95 F.3d 135, 145 (2d Cir. 1996) (holding that the government need not disclose "speculative" material that could prove to be exculpatory).

For the foregoing reasons, defendant's motion is denied.

So Ordered.

Dated: Brooklyn, New York
March 7, 2019

/s/ Hon. Eric N. Vitaliano, U.S.D.J.
ERIC N. VITALIANO
United States District Judge