UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA             :
                                     :
            -against-                :   MEMORANDUM & ORDER
                                     :
GREG CANTONI,                        :   18-cr-562 (ENV)
                                     :
                        Defendant.   :
------------------------------------------------------------- x

VITALIANO, D.J.

Defendant Greg Cantoni is charged with three bank robberies. He has moved to preclude the government from offering cellular location data at trial. (Mot., ECF No. 44). In particular, he seeks to exclude historical data that allegedly place him at the scene of the charged robberies. His argument is based upon a variety of complaints about the government's compliance with its disclosure obligations. For the reasons that follow, the motion is conditionally denied.

Cantoni argues that the location data should be excluded because the government improperly withheld the evidence from him, despite the requirements of Rule 16 of the Federal Rules of Criminal Procedure. According to Cantoni, he was not notified of the government's intent to offer this evidence until March 11, 2019 – 21 days before trial – and he has yet to receive the search warrant that permitted the gathering of this evidence. (*Id.* at 2). This delay came despite Cantoni's preemptive November 2018 request for any cell site data in the government's possession. (*See* Def.'s Mot. for Discovery at 2, ECF No. 11). On the other side of this double-edged sword, this request confirms that defense counsel was well aware that historical cell phone data existed and were retrievable, that Cantoni had a cell phone, and that, if the defense had not foreclosed challenging the government's use of them, they should have been actively seeking the aid of an expert to do so.

Assuming *arguendo*, at any rate, that the government did inappropriately delay disclosure

1

of these data and its intent to use them, Cantoni has not shown prejudice sufficient to warrant preclusion. Although Rule 16(d)(2) permits the Court to "prohibit [the government] from introducing the undisclosed evidence," Fed. R. Crim. P. 16(d)(2)(C), the Court "has broad discretion in fashioning a remedy for the government's violation of its obligations" under the discovery rules, *United States v. Salameh*, 152 F.3d 88, 130 (2d Cir. 1998); *accord United States v. Kaur*, No. 08-cr-428 (KAM), 2009 WL 1296612, at *10 (E.D.N.Y. May 7, 2009) (quoting *id.*). To exclude evidence on the grounds of a discovery violation, a criminal defendant must show "prejudice resulting from the government's untimely disclosure of evidence, rather than the prejudice attributable to the evidence itself." *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (quoting *United States v. Sanchez*, 912 F.2d 18, 23 (2d Cir. 1990)). The showing must be heightened where, as here, the record indicates that the government's purported discovery violation was negligent rather than intentional.[1] *See United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980).

Cantoni argues that he has been prejudiced by the delay because he requires more than 21 days to retain his own cellular location expert and to allow that expert to analyze the data. This need is significant, he claims, because the accuracy of cellular location data is controversial. However, as noted earlier, the defense was aware that such an expert might be needed as early as November 2018, and that awareness should have been made more acute by the government's production of Cantoni's cellular telephone records as early as January 9, 2019, albeit without the recently disclosed data. Defendant, in other words, was on notice, more than two months ago,

---

[1] The government asserts that the cell phone location data were omitted from its January 9, 2019 production of defendant's cell phone records only inadvertently, and defendant has not rebutted this claim. (*See* Gov't Opp'n at 1).

2

that cellular location data would likely be used by the government at trial and that defendant, with ample time, should retain an expert. (*See* Gov't Opp'n at 1, ECF No. 45; Letter Regarding Discovery, ECF No. 14). Furthermore, as the government highlights, only 20 pages of data are relevant to the times of the charged robberies, and not the entire 847 pages that were disclosed. The government has, helpfully, isolated those 20 pages for the defense, which should enable the defense to analyze the information in the more than two weeks until trial.[2] If defendant intended to argue that the 20 pages could not be analyzed in two weeks, then he should have produced a declaration to that effect. Finally, despite defendant's veiled challenge to the overall reliability of cellular location data and the mapping they generate, such evidence is routinely admitted in this district. *See, e.g., United States v. Krivoi*, No. 18-cr-100 (ENV) (E.D.N.Y. Nov. 6, 2018).

Cantoni's effort to move the Court's focus away from the very manageable 20 pages of data that correspond to the only times relevant to this case underscores that his principal concern is that evidence placing him within an approximately 49 square block zone mapped by the data that includes the location of each of the charged robberies will be incriminating and is supportive of his argument that this renders the government's purported discovery violation prejudicial. However, this represents, at best, prejudice resulting from the nature of the evidence rather than from the delay in disclosing it. Moreover, to the extent that the timing of disclosure may have caused some prejudice, abbreviation of trial preparation time resulted, in large part, from

---

[2] At oral argument, defense counsel suggested that the remaining material might be exculpatory. Specifically, it was represented that Cantoni lives close to one of the banks he allegedly robbed and, therefore, the cell site location data might be consistent with his being home. However, defense counsel need not review the remaining records to make this determination. The government has generated a map of where the data place Cantoni during the charged robbery, and defense counsel may visually confirm whether Cantoni's home is located within that area. Other than at times immediately before, during, and immediately after each of the charged robberies, where Cantoni and his cell phone were could not be "exculpatory."

Cantoni's insistence on moving expeditiously to trial, as is his right and the Court's objective in every case. That being said, that disclosure was moving at, perhaps, a hasty pace makes the government's representation that its failure to produce these data earlier was an oversight all the more credible.

The defense might also look introspectively. As noted above, Cantoni has long been aware that the government might use cell phone data mapping in this case, and his counsel's office has previously employed experts on the subject, *see, e.g.*, Trial Tr. at 1475:4-12, *United States v. Dervishaj*, No. 13-cr-668 (ENV) (E.D.N.Y. Apr. 20, 2016) (Federal Defender James Darrow refers to "our expert" on cell phone location data); *id.* at 1477-87 (Darrow cross-examines government expert Darryl Valinchus on cell phone location data). Consequently, at most, limited prejudice is attributable to the timing of the government's disclosure, and the cellular location evidence will not be precluded on this ground.

As a further reason for exclusion, Cantoni notes that the government's evidence is predicated on his statement to law enforcement that the target number was, in fact, his phone number. He claims that this statement was never disclosed, despite his requests and the requirements of Rule 16(a)(1)(A). However, Cantoni can show no prejudice resulting from the late disclosure of this detail. First, Cantoni has had access to the cell phone records collected by the government for several months, enabling him to determine that the government was aware of his cell phone number. Furthermore, Cantoni has made no showing that earlier awareness of this statement would have affected his trial strategy. He does not, for example, suggest that the government incorrectly recorded his cell phone number or obtained cell phone records corresponding to another person.

On a different tack, moreover, because, as the government has now disclosed, Cantoni's

4

statement was made during the United States Marshals' routine booking process, it was not subject to the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and thus opens no opportunity for a constitutional challenge to this prosecution. *See United States v. Haygood*, 157 F. App'x 448, 449 (2d Cir. 2005) (summary order) (citing *Rosa v. McCray*, 396 F.3d 210, 221 (2d Cir. 2005); *United States v. Gotchis*, 803 F.2d 74, 79 (2d Cir. 1986)). In general, there is a "'routine booking question' exception which exempts from *Miranda*'s coverage questions to secure the biographical data necessary to complete booking or pretrial services." *Pennsylvania v. Muniz*, 496 U.S. 582, 601, 110 S. Ct. 2638, 110 L. Ed. 2d 528 (1990) (internal quotation marks omitted). "The collection of biographical or pedigree information through a law enforcement officer's questions during the non-investigative booking process" does not implicate *Miranda* even if "the information gathered turns out to be incriminating in some respect." *Rosa*, 396 F.3d at 221. The standard is objective: "Should the police have known that asking the pedigree questions would elicit incriminating information?" *Id.* at 222 (citing *Rhode Island v. Innis*, 446 U.S. 291, 302, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980)).

Persuasively, the exhibits to the motion illustrate that Cantoni's phone number was recorded on a standard USM-312 intake form routinely used by the United States Marshals Service. (Reply, Ex. A, ECF No. 46).[3] Recent precedent in this district makes clear that recording an arrestee's phone number is a routine booking question exempt from the requirements of *Miranda*. *United States v. Carpenter*, No. 18-cr-362 (ADS), 2019 WL 919553, at *2 (E.D.N.Y. Feb. 25, 2019); *United States v. Nogueira*, No. 08-cr-876 (JG), 2009 WL

---

[3] Cantoni avers that his cell phone number was not included in the pretrial report produced during discovery, but the exhibits reveal that the field for his cell phone number was merely redacted, like his Social Security number, for privacy purposes.

5

3242087, at *2 (E.D.N.Y. Oct. 6, 2009). Notably, in *Carpenter*, the police had already determined that the defendant's cell phone was critical to the prosecution, and the phone number was still held to be pedigree information. *Carpenter*, 2019 WL 919553, at *2. Despite Cantoni's citation to First Circuit precedent, creating an "exception to the exception" for cases where "law enforcement officers have reason to know that routine booking questions may indeed produce inculpatory responses," *United States v. Scott*, 270 F.3d 30, 44 n.8 (1st Cir. 2008), there is no indication that law enforcement had any reason to know this here. Therefore, regardless of any future use made of Cantoni's cell phone number, requesting it was not a form of interrogation subject to *Miranda*.

Although Cantoni notes that an FBI agent rather than a United States Marshal completed the intake form, this is irrelevant because the Court's inquiry must focus on the beliefs of a reasonable officer completing the form, not the subjective intent of the officer who actually completed the form. *See Rosa*, 396 F.3d at 222. Cantoni contends that the lack of an eyewitness or a confession meant that his intake officer needed to extract his phone number in order to obtain location data that would advance the prosecution, but this is entirely speculative and not borne out by the objective evidence, which consists of a standard USM-312 form, providing a space for an arrestee's cell phone number. Consequently, the cell phone number was provided as part of the routine booking process, rather than an interrogation, and was not subject to *Miranda* or Rule 16(a)(1)(A), which covers only statements made "in response to interrogation," Fed. R. Crim. P. 16(a)(1)(A).[4]

---

[4] Defendant argues further that statute precludes the use of information obtained from Cantoni's disclosure of his cell phone number because "information obtained in the course of performing pretrial services functions in relation to a particular accused . . . is not admissible on the issue of

6

Finally, Cantoni argues that the expert notice provided by the government does not meet the requirements of Rule 16(a)(1)(G) because it does not explain what opinion the government's cell phone location expert will provide at trial. To be accurate, though, as defendant's motion makes clear, it is apparent that the government expert will opine that Cantoni was at the site of the charged robberies. The government has provided maps of the locations where it determined Cantoni to be for roughly the hour before and after the charged robberies. This is more than adequate to enable Cantoni to understand what opinion the expert will offer. Nonetheless, the government's disclosure is lacking insofar as it does not describe the methods its expert used to arrive at his conclusion. Consequently, the government is directed to supply defendant with a description of the expert's methodology and how it was applied to the data available here. In contrast to the description proffered at oral argument, this disclosure must include more than the mere name of the method and must set forth details to enable determination of whether the method was reliable.

---

guilt in a criminal judicial proceeding," 18 U.S.C. § 3153(c); *see also United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004). However, the cell phone number was not given to a pretrial services officer and no pretrial services were provided to Cantoni because he has been incarcerated since the third charged robbery. Moreover, if § 3153(c) covered booking information, then the exception set out in *Muniz* would be irrelevant. Consequently, § 3153(c) will not preclude the use of the cell phone location data at trial.

## Conclusion

For the foregoing reasons, defendant's motion is denied, on the condition that the government supply forthwith a description of its expert's methods and analysis as outlined in this Order.

So Ordered.

Dated: Brooklyn, New York
March 19, 2019

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge