UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

UNITED STATES OF AMERICA  :

          -against-  :

GREG CANTONI,  :

                    Defendant.  :

-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

18-cr-562 (ENV)

VITALIANO, D.J.

Defendant Greg Cantoni has moved for the return of his cell phone, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The phone was seized upon his arrest in September 2018, and a warrant, dated January 31, 2019, permitted the government to conduct a forensic examination of the phone, as well as to seize certain electronically stored information. (Mot. at 2, ECF No. 51). Cantoni now seeks an order directing the government to return the cell phone and to stop any ongoing search of the phone. For the reasons that follow, the motion is denied.

Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). This permission extends to "a defendant or any 'person aggrieved' by either an unlawful or *lawful* deprivation of property." *United States v. Ganias*, 824 F.3d 199, 219 (2d Cir. 2016) (en banc). To prevail, the movant "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)).

The instant motion turns on the rules governing search warrants and the interpretation of

1

the warrant that issued in this case. Rule 41 provides that a search warrant must be executed "within a specified time no longer than 14 days" from its issuance. Fed. R. Crim. P. 41(e)(2)(A)(i). Accordingly, when Magistrate Judge Scanlon issued the subject warrant, on January 31, 2019, she set a deadline of February 14, 2019 for its execution. (Warrant at 1, Ex. A to Mot., ECF No. 51). Defendant contends that, because this deadline has passed, any continued search of the phone is unlawful and the phone must be returned.

However, Rule 41 explains that, when a warrant authorizes the search and seizure of electronically stored information, "[t]he time for executing the warrant . . . refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review." Fed. R. Crim. P. 41(e)(2)(B). "[A]bsent a separate judicially-imposed deadline, Rule 41 does not 'impos[e] a deadline for the return of storage media.'" *Pinto-Thomaz*, 352 F. Supp. 3d at 312 (second alteration in original) (quoting Fed. R. Crim. P. 41 Advisory Committee's Note). Following the initial seizure of electronic media, the government must complete its search within a reasonable time, pursuant to general principles of Fourth Amendment law. *Ganias*, 824 F.3d at 231-32. Here, the government seized Cantoni's phone upon his arrest, well in advance of the February 14 deadline for execution of the warrant. The government has retained the phone since its initial seizure because Cantoni has refused to provide the passcode to the phone, requiring the government to decrypt the phone using a computer program. (Opp'n at 1, ECF No. 57). The Second Circuit has recognized that the "difficulties created by encryption . . . might justify an off-site review lasting for a significant period of time." *Ganias*, 824 F.3d at 232. Indeed, "[n]umerous cases hold that a delay of several months between the seizure of electronic evidence and the completion of the government's review . . . is reasonable." *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) (emphasis omitted). Because Cantoni has refused to

provide his passcode, the government's maintaining his cell phone for slightly more than a month and a half past the deadline for seizing the phone is reasonable, and he is not entitled to return of the phone or an order terminating any ongoing search.

This determination is in line with the closely analogous case of *United States v. Pinto-Thomaz*, where "the government [was] unable to execute [a] search warrant as the phone [was] locked and passcode-protected, [the defendant had] refused to provide the passcode, and the government [had] been unable to break the encryption," 352 F. Supp. 3d at 312. The court there determined that "possess[ing] the [cell phone] in question for a matter of months" was not "a constitutionally significant period of time given the encryption difficulties" and, consequently, denied the defendant's Rule 41(g) motion for return of the phone. *Id.* at 313. Cantoni attempts to distinguish this case from *Pinto-Thomaz*, noting that the government seized his phone prior to obtaining a search warrant, whereas the warrant issued prior to the seizure in *Pinto-Thomaz*. Presumably, he believes that the deadline on the warrant would be superfluous if it applied only to the seizure of the phone, given that the government had already seized the phone. Nonetheless, it is telling that Judge Scanlon's warrant allowed the government 14 days to execute the warrant, precisely the time limit set forth in Rule 41(e)(2)(A)(i). This time limit governs only the seizure of a cell phone and not the later search thereof. *See* Fed. R. Crim. P. 41(e)(2)(B). In sum, the warrant set a deadline for the seizure of the phone and set a date when the clock would begin to run on the government's time to examine the phone. The deadline, therefore, is not rendered superfluous by the government's interpretation, and Cantoni's proffered distinction between this case and *Pinto-Thomaz* is insignificant.

Having seized the phone prior to February 14 and having spent only a brief period of time attempting to decrypt the phone, the government need not terminate its search or return the

phone to Cantoni. The motion is denied.

So Ordered.

Dated: Brooklyn, New York
March 26, 2019

/s/ Hon. Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge